UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS NATIONAL PENSION FUND, | Case No. 09-CV-0754 (PJS/FLN) |
| Plaintiff, | ORDER |
| v. | |
| MARKGRAF MECHANICAL, INC., | |
| Defendant. | |

---

Gregg M. Corwin and Margaret A. Luger-Nikolai, GREGG M. CORWIN & ASSOCIATES LAW OFFICE, P.C., for plaintiff.

Kevin S. Sandstrom, ECKBERG, LAMMERS, BRIGGS, WOLFF & VIERLING PLLP, for defendant.

Plaintiff Board of Trustees of the Sheet Metal Workers National Pension Fund ("the Fund") filed a notice of removal on April 2, 2009 removing a state-court action to this Court under 28 U.S.C. § 1441.

In the state-court action, the Fund sought to enforce a judgment issued by the United States District Court for the Eastern District of Virginia. Defendant Markgraf Mechanical, Inc. ("Markgraf") moved in state court to vacate the judgment and stay its execution. The Fund then filed the notice of removal in this case, in which the Fund asserts that Markgraf's state-court motion to vacate "states a claim under the United States Constitution and therefore is removable to federal court under 28 U.S.C. § 1331 as an action arising under federal law." Notice of Removal ¶ 6 [Docket No. 1].

The Court ordered the Fund to show cause why this case should not be remanded to state court. Order Apr. 6, 2009 [Docket No. 3]. The Court has reviewed the Fund's response to the Court's order and Markgraf's subsequent reply. The Fund has failed to establish that this case is removable, and the Court therefore remands it to state court.

The Court pointed out in its order to show cause the elementary principle that in any federal case, jurisdiction must be based on the allegations in the *complaint*, not defenses raised (or motions filed) by the defendant. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Fund responds by asking the Court to treat Markgraf's state-court motion to vacate as "the relevant document for determining whether the action is removable . . . ." Fund Resp. at 7 [Docket No. 5]. To support this novel argument, the Fund asserts that 28 U.S.C. § 1446(b) "specifically provides that the 'paper from which it may first be ascertained that the case is one which is or has become removable' may be 'an amended pleading, motion, order, or other paper . . . .'" Fund Resp. at 7 (quoting 28 U.S.C. § 1446(b)).

The Fund's quotation of § 1446(b) is misleadingly incomplete. The relevant portion of the sentence of § 1446(b) from which the Fund has pulled its snippets reads:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after *receipt by the defendant*, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b) (emphasis added). The plain language of § 1446(b) establishes that the only documents besides "the initial pleading" that can support removal are "an amended pleading, motion, order, or other paper" received by *the defendant*. Nothing in § 1446(b) remotely

suggests that a state-court *plaintiff* may remove a case on the basis of a document that it received from a state-court defendant.

The Court also pointed out in its order to show cause that removal is a privilege afforded to defendants, not plaintiffs. The Fund responds that it is "in the posture of a defendant" with respect to Markgraf's motion and therefore "has standing under 28 U.S.C. § 1441(a) to remove this action" to federal court. Fund Resp. at 6. The Fund has cited no authority for the proposition that being "in the posture of a defendant" suffices to permit removal — perhaps because the law is precisely to the contrary. Indeed, the Court's order to show cause included the following citation: "14C Charles Alan Wright et al., *Federal Practice & Procedure* § 3731 at 253 (3d ed. 1998) ('[P]laintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them.')." Order Apr. 6, 2009 at 2.

It is bad enough that the Fund responded to the Court's order to show cause by quoting a statute misleadingly and then by making an argument directly contrary to authority cited to the Fund by the Court itself without even attempting to provide contrary authority. Even worse, however, is the following passage from the Fund's response:

> A long line of authority establishes that "[w]hen the independent action is brought in state court, it may be removed to the appropriate federal court on the basis of a general federal question." *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 336 (10th Cir. 1982); citing 7 J. Moore, *Moore's Federal Practice* ¶ 60.38[1] (2nd Ed. 1975); *Villar[r]eal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. Tex. 1976) (same). Thus, the removal was proper because Markgraf's motion challenged the validity of a judgment entered in this Court.

Fund Resp. at 8. Not only does no such "long line of authority" seem to exist, but the quotation offered by the Fund as exemplifying the supposed "line of authority" comes from a *dissenting*

*opinion* that the Fund has failed to identify as such.  Once again, the Fund is citing authority in a misleading way.

Further, even if such a "long line of authority" existed, it would not support removal in this case, because Markgraf is not the plaintiff in an independent action in state court.  The second case cited by the Fund in the passage quoted above — *Villarreal v. Brown Express, Inc.* — does not help the Fund (even if remains good law, which is not clear) because *Villarreal* upheld removal by a state-court *defendant* of an action filed by a state-court *plaintiff* that the court characterized as an independent action under Rule 60(b)(3) for relief from a judgment for fraud.  529 F.2d 1219, 1221 (5th Cir. 1976).  Cases filed by plaintiffs that are essentially Rule 60 motions challenging a federal-court judgment may well be removable — but this is not such a case.  The Fund cannot transmute Markgraf into a plaintiff, and itself into a defendant, by administering a tincture of misleading quotations and conclusory assertions.

The Fund could have voluntarily dismissed this action in response to the Court's order to show cause once the Fund realized — as it should have — that removal was improper.  That would have had little impact on the Fund beyond requiring it to litigate its dispute in the forum that it initially chose.  Instead, the Fund wasted both Markgraf's and the Court's time by filing a plainly inadequate response to the Court's order to show cause — a response that appeared designed to deceive the Court by citing authority in a misleading manner.  The Fund is warned that a repeat of such behavior before this Court will result in appropriate sanctions.

None of the Fund's other arguments merit comment.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, it is

HEREBY ORDERED THAT this case is REMANDED to state court.

Dated:  May 21, 2009                                    s/Patrick J. Schiltz
                                                                                              Patrick J. Schiltz
                                                                                              United States District Judge